IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| RICHARD GABRIEL ERTSEY, | ) | CIVIL 16-00100 LEK-KSC |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | |
| KATIE PERRY and ANDREA HECKLER, | ) | |
| Defendants. | ) | |

**ORDER DENYING PLAINTIFF'S MOTION TO RE-OPEN**

Pro se Plaintiff Richard Gabriel Ertsey ("Plaintiff") filed his Complaint for a Civil Case ("Complaint") against Defendants Katie Perry ("Perry") and Andrea Heckler ("Heckler," collectively "Defendants") on March 7, 2016. [Dkt. no. 1.] This case was closed pursuant to the "Notice of Voluntary Dismissal with Stipulation Pursuant to F.R.C.P. 41(a)(1)(A(i) [sic]" ("Notice of Dismissal") filed on March 29, 2017. [Dkt. no. 14.]

Before the Court is Plaintiff's "Motion to Re-Open Case," filed on July 27, 2017 ("7/27/17 Motion"). [Dkt. no. 17.] The 7/27/17 Motion seeks to reopen Plaintiff's case against Heckler. On August 2, 2017, Plaintiff filed a memorandum that this Court construes as a further memorandum in support of the 7/27/17 Motion ("8/2/17 Memorandum"). [Dkt. No. 19.] Defendants

filed their memorandum in opposition on August 3, 2017.[1]  [Dkt. no. 21.]  Although Plaintiff's 8/2/17 Memorandum requested additional time to respond to the memorandum in opposition, Plaintiff did not file a reply.  The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules").  Plaintiff's 7/27/17 Motion is hereby denied for the reasons set forth below.

## BACKGROUND

The Complaint alleges that: "From Dec 23.2015 through Feb 26.2016 kapulei [sic], HI Katie Perry and Andrea Heckler have inquired about and pressured to answer Richard Ertsey about his US Army and VA and Social Security related information without

---

[1] On July 17, 2017, Plaintiff filed his "Motion to Re-Open, Requesting to Relocate Case to the United States District Court for the District of South Carolina" ("7/17/17 Motion").  [Dkt. no. 15.]  The 7/17/17 Motion sought to re-open Plaintiff's case against Perry, but did not address his case against Heckler. Defendants filed their memorandum in opposition in response to the briefing schedule for the 7/17/17 Motion.  On August 4, 2017, this Court issued an entering order deeming the 7/17/17 Motion withdrawn, based on Plaintiff's representations in the 7/27/17 Motion and the 8/2/17 Memorandum ("8/4/17 EO").  [Dkt. no. 22.] The 8/4/17 EO stated that, if Heckler believed Defendants' memorandum in opposition to the 7/17/17 Motion sufficiently addressed the issues presented in the 7/27/17 Motion, Heckler could file a one-page notice incorporating Defendants' memorandum in opposition as her response to the 7/27/17 Motion.  Although Heckler did not respond to the 8/4/17 EO, this Court construes Defendants' memorandum in opposition to the 7/17/17 Motion as Heckler's memorandum in opposition to the 7/27/17 Motion.

2

due course of reason at a Family Court Hearing." [Complaint at pg. 4.] Plaintiff alleges that the information Defendants sought was confidential, protected by statutory privilege, and subject to a protective order. According to Plaintiff, the information was irrelevant, hearsay, and sought for improper purposes. [Id.] Plaintiff alleges that, as a result of Defendants' actions, he has suffered severe emotional distress, harm to his personal and military reputation and credibility, embarrassment, and inconvenience. He therefore alleges that Defendants violated his civil rights. [Id. at pg. 5.] Plaintiff's requested relief included:

> The protected list of questions and any and all of the statements by Katie Perry and Andrea Heckler in relation to those questions to be vacated in any and all Courts of Law as well as anywhere else, as well as any and all of Richard Ertsey's answers to be vacated: deleted from any court's entery [sic], sealed and deemed as non court-submittable.

[Id.]

According to Defendants, Plaintiff and Perry – who have one minor child – were divorced on August 23, 2010 in a Washington state court. Plaintiff and Perry stipulated to that Perry would be able to relocate to Hawai`i with her current husband, who is in the United States Army, and Plaintiff would follow. Plaintiff and Perry sought enforcement and modification of their divorce decree in the Hawai`i family court in 2014. On or about November 30, 2015, Perry filed a motion in the Hawai`i

family court seeking custody changes to allow her to relocate to South Carolina because of her husband's orders from the Army. Heckler represented Perry in the custody proceedings. [Mem. in Opp. at 3-4.]

The Notice of Dismissal stated that the case was "voluntarily dismissed without prejudice against the Defendants," with the stipulation that neither the parties nor anyone else acting on their behalf would request attorney's fees and costs regarding this matter from the opposing party. The 7/27/17 Motion asks this Court to re-open the case because the Notice of Dismissal was without prejudice.

## **DISCUSSION**

This Court construes Plaintiff's 7/27/17 Motion as a motion for relief pursuant to Fed. R. Civ. P. 60(b). Cf. MacDonald v. United States, 677 F. App'x 362, 363 (9th Cir. 2017) (appeal from the denial of a Rule 60(b) motion that sought to reopen the appellant's case, vacate his voluntary dismissal without prejudice, and enter a new dismissal with prejudice). Rule 60(b) states:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been

4

discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

The only potentially applicable section to Plaintiff's Motion is Rule 60(b)(6).

> Judgments are not often set aside under Rule 60(b)(6). Rather, the Rule is "'used sparingly as an equitable remedy to prevent manifest injustice' and 'is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment.'" United States v. Washington, 394 F.3d 1152, 1157 (9th Cir. 2005) (quoting United States v. Alpine Land & Reservoir Co., 984 F.2d 1047, 1049 (9th Cir. 1993)).[2] Accordingly, a party who moves for such relief "must demonstrate both injury and circumstances beyond his control that prevented him from proceeding with . . . the action in a proper fashion." Community Dental Services v. Tani, 282 F.3d 1164, 1168 (9th Cir. 2002).

Latshaw v. Trainer Wortham & Co., 452 F.3d 1097, 1103 (9th Cir. 2006) (some alterations in Latshaw).

---

[2] Washington, 394 F.3d 1152, was overruled on other grounds in a subsequent appeal. 593 F.3d 790 (9th Cir. 2010). The 2010 decision quoted the same language from Alpine Land that was quoted in the 2005 decision. Id. at 797.

5

Plaintiff voluntarily dismissed this case without prejudice. The dismissal without prejudice allows Plaintiff to file a **new** action against Heckler based upon the facts alleged in his Complaint, as he did with claims against Perry.[3] See 8/4/17 EO at 2 (deeming the 7/17/17 Motion withdrawn because Plaintiff has two cases pending against Perry in a South Carolina federal court). The dismissal without prejudice does not allow Plaintiff to reopen **this** case at any time at his election. In order to reopen this case, Plaintiff must establish that relief is appropriate under Rule 60(b). Plaintiff has not established any injury or circumstances beyond his control that prevented him from proceeding with his claims against Heckler in this case. See Community Dental, 282 F.3d at 1168. In fact, the dismissal was within Plaintiff's control. The instant Motion therefore does not present the type of extraordinary circumstances warranting relief under Rule 60(b)(6), see Washington, 394 F.3d at 1157, and none of the other provisions of Rule 60(b) apply under the circumstances of this case. Plaintiff has not shown any ground warranting the relief sought in the 7/27/17 Motion.

---

[3] This Court makes no findings or conclusions about the merits of Plaintiff's claims against Heckler, if he decides to bring a new action against her.

**CONCLUSION**

On the basis of the foregoing, Plaintiff's Motion to Re-Open Case, filed July 27, 2017, is HEREBY DENIED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, October 12, 2017.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**RICHARD GABRIEL ERTSEY V. KATIE PERRY, ET AL.; CIVIL 16-00100 LEK-KSC; ORDER DENYING PLAINTIFF'S MOTION TO RE-OPEN**